# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

ANTHONY HINES,       )
                                        )
            Plaintiff,         )
                                        )
        v.                     )          No. 4:15-CV-1485-JMB
                                        )
GREG TIPTON, et al.,       )
                                        )
            Defendants.     )

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of Anthony Hines (registration no. 34136) for leave to commence this action without payment of the required filing fee [Doc. #4]. After reviewing plaintiff's financial information, the motion will be granted and plaintiff will be assessed an initial partial filing fee of $71.06, which is twenty percent of plaintiff's average three-month deposit prior to filing this action. Furthermore, based upon a review of the amended complaint [Doc. #3], the Court finds that this action should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in

either law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Id.* at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. *Id.* at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." *Id.* The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." *Id.* at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's conclusion is the most plausible or whether it is more likely that no misconduct occurred. *Id.* at 1950, 51-52.

Moreover, in reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).

## The Amended Complaint

Plaintiff, an inmate at the Lincoln County Jail, brings this action pursuant to 42 U.S.C. § 1983 against Captain Greg Tipton and Sergeant Tony Unknown. Plaintiff summarily alleges, "Inmates are being housed in one man cells four or three to a cell and extra beds have been put in. Cell ventilated air system does not work and there is no room to walk around in cells." Plaintiff states that he has addressed this issue with defendant Tony Unknown, as well as through the grievance system, but was told that nothing would change. Plaintiff asks this Court to "have [the] Jail limit only 2 inmate[s] per cell with ventilated air system."

## Discussion

At the outset, the Court notes that plaintiff has failed to assert any allegations against defendant Greg Tipton. "Liability under section 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990); *see also Martin v. Sargent*, 780 F.2d

1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff). Because plaintiff does not set forth any facts indicating that defendant Tipton was directly involved in or personally responsible for the violation of his constitutional rights, and because the respondeat superior theory is inapplicable in § 1983 actions, *Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995), plaintiff's claims are legally frivolous as to defendant Greg Tipton.

Plaintiff's claims are also legally frivolous as to defendant Tony Unknown. "The Eighth Amendment standard for conditions of confinement is whether the defendants acted with deliberate indifference." *Davis v. Oregon Cnty., Mo.,* 607 F.3d 543, 548 (8th Cir. 2010) (quoting *Nelson v. Corr. Med. Servs.*, 583 F.2d 522, 528 (8th Cir. 2009) (en banc)). A prison official is deliberately indifferent if he "knows of and disregards" a substantial risk of serious harm to an inmate. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). "There is both an objective component and a subjective component to a claim of deliberate indifference . . . : (1) whether a substantial risk to the inmate's safety existed, and (2) whether the officer had knowledge of the substantial risk to the inmate's safety but nevertheless disregarded it." *Davis*, 607 F.3d at 548. To establish the objective component of a conditions-of-confinement claim, the alleged deprivation must be "extreme" and

must deny "minimal civilized measure of life's necessities." *Hudson v. McMillian*, 503 U.S. 1, 8-9 (1992). "The subjective component requires that the official was both aware of facts from which the inference could be drawn that a substantial risk of serious harm existed, and he must also draw the inference." *Davis*, 607 F.3d at 548-49 (quoting *Norman v. Schuetzle*, 585 F.3d 1097, 1104 (8th Cir. 2009)). "[D]eliberate indifference includes something more than negligence but less than actual intent to harm; it requires proof of a reckless disregard of the known risk." *Crow v. Montgomery*, 403 F.2d 598, 602 (8th Cir. 2005) (quoting *Jackson v. Everett*, 140 F.3d 1149, 1152 (8th Cir. 1998)) (alteration in the original and internal quotation marks omitted); *see also Wilson v. Seiter*, 501 U.S. 294, 302-03 (1991); *Seltzer-Bey v. Delo*, 66 F.3d 961, 963-64 (8th Cir. 1995) (for conditions of confinement to violate Eighth Amendment, inmate must show alleged deprivations denied him minimal civilized measure of life's necessities and defendants were deliberately indifferent to excessive risk to his health or safety). The Court concludes that plaintiff has failed to state an Eighth Amendment claim with regard to his allegations against defendant Tony Unknown. The amended complaint is devoid of any claims that this defendant acted with deliberate indifference to an alleged deprivation that was extreme and denied plaintiff minimal civilized measure

of life's necessities by failing to limit each cell to two inmates with a ventilated air system.

For these reasons, the Court will dismiss this action under 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #4] is **GRANTED.**

**IT IS FURTHER ORDERED** that plaintiff shall pay an initial partial filing fee of $71.06 within thirty (30) days from the date of this order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue, because the complaint is legally frivolous and fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 15th day of December, 2015.


/s/ Jean C. Hamilton
**UNITED STATES DISTRICT JUDGE**